UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DON TOBIN WATKINSON,

        Plaintiff,

   v.

MORTGAGEIT, INC., and Does 1-10, inclusive,

        Defendants.

NO. CIV. S-09-3122 LKK/GGH

O R D E R

This case concerns plaintiff's mortgage and foreclosure thereon. Plaintiff's complaint names one defendant, MortgageIT, Inc., and enumerates nine causes of action. Defendant MortgageIT, Inc. moved to strike portions of plaintiff's complaint and to dismiss plaintiff's complaint. Defendant's motion to dismiss is pursuant to Fed. Rule Civ. P. 12(b)(3), for improper venue, and Rule 12(b)(6), for failure to state a claim. For the reasons below, the court finds that venue is improper, and that it is in the interest of justice to transfer this case to the Southern District of California. Accordingly, defendant's motions to strike and to

1

dismiss are denied as moot.

Plaintiff alleges in his complaint that venue is proper in the Southern District of California. Further, the property at issue in this case is located in San Diego, California, which is within the Southern District of California. Plaintiff also alleges that Defendant is located in San Diego, and that "the transactions and events that are the subject matter of this complaint all occurred within the County of San Diego, State of California." Plaintiff has failed to allege any facts that could support venue in the Eastern District of California. As such, venue is improper in the Eastern District of California, and proper in the Southern District of California.

Defendant argues that the court should dismiss plaintiff's complaint, rather than transfer it to the proper court, because transferring the case does not serve the interest of justice. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, plaintiff brings claims which are subject to statutes of limitations and, therefore, may be affected by requiring plaintiff to re-file his complaint in a proper district. Furthermore, despite defendant's argument that plaintiff's complaint fails to state a viable claim for relief against MortgageIT, this court has held that plaintiffs in similar cases have stated viable claims against lenders, see, for example, Champlaie v. BAC Home Loans Servicing,

<u>LP</u>, No. S-09-1316 LKK/DAD, 2009 WL 3429622,1 (E.D. Cal. Oct. 22, 2009), and therefore does not find this argument persuasive. Additionally, costs are minimal to transfer this case in that defendant may easily re-file its motions to dismiss and to strike in the proper district. Thus, the court finds transfer to the Southern District of California to be in the interest of justice.

For the reasons stated above, the court orders that this case be transferred to the Southern District of California.

The court further orders that defendant's motion to dismiss, Doc. No. 6, and motion to strike, Doc. No. 10, are DENIED, without prejudice, as moot.

IT IS SO ORDERED.

DATED: February 9, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT